IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, ) ) ) Plaintiff, ) ) v. ) ) ) AMERICA'S THRIFT STORES OF ) ALABAMA, INC. ) d/b/a ) ALABAMA THRIFT STORES, INC. ) ) ) Defendant. ) ) | CIVIL ACTION NO.<br><br>C O M P L A I N T<br><u>JURY TRIAL DEMAND</u> |

## NATURE OF THE ACTION

This is an action brought under Title I of the Americans with Disabilities Act of 1990 ("ADA"), *as amended* by the Americans with Disabilities Act Amendments Act of 2008 (hereinafter "the ADAAA"), and Title I of the Civil Rights Act of 1991, against Defendant America's Thrift Stores of Alabama, Inc. d/b/a/ Alabama Thrift Stores, Inc. (hereinafter "Defendant" or "America's Thrift Stores"). All references to the ADA include the ADA, *as amended* by the ADAAA. The actions at issue occurred after January 1, 2009 and are therefore covered by the ADAAA.

This action is brought to correct unlawful employment practices on the basis of disability and to provide appropriate relief for Jenny Grimes ("Grimes") who

1

was adversely affected by such practices. As alleged with greater particularity in paragraphs nine (9) through ten (10) below, the United States Equal Employment Opportunity Commission alleges that Defendant refused to provide Grimes with a reasonable accommodation of her disability, and discharged her because of her disability in violations of ADA provisions 42 U.S.C. §§ 12112(a) and 12112(b)(5)(A).

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 107(a) of the Americans with Disabilities Act of 1990, *as amended* ("ADA"), 42 U.S.C. § 12117(a), which incorporates by reference Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, *as amended*, 42 U.S.C. § 2000e-5(f)(1) and (3) and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Northern District of Alabama, Southern Division.

## PARTIES

3. Plaintiff, Equal Employment Opportunity Commission (the "Commission"), is an agency of the United States of America charged with the

administration, interpretation and enforcement of Title I of the ADA and is expressly authorized to bring this action by Section 107 of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Section 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4. At all relevant times, Defendant, America's Thrift Stores of Alabama, Inc., d/b/a/ Alabama Thrift Stores, Inc. (the "Employer"), has continuously been a an Alabama corporation doing business in the State of Alabama, the City of Alabaster, and has continuously had at least 15 employees.

5. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce within the meaning of Section 101(5) of the ADA, 42 U.S.C. § 12111(5), and Section 101(7) of the ADA, 42 U.S.C. § 12111(7), which incorporates by reference Sections 701(g) and (h) of Title VII, 42 U.S.C. §§ 2000e(g) and (h).

6. At all relevant times, Defendant Employer has been a covered entity within the meaning of Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

## STATEMENT OF CLAIMS

7. More than thirty days prior to the institution of this lawsuit, Grimes filed a charge with the Commission alleging violations of Title I of the ADA by Defendant. All conditions precedent to the institution of this lawsuit have been fulfilled.

8. Grimes is an individual with a disability as defined by the ADA as amended by the ADA Amendments Act of 2008. She has a physical impairment which substantially limits several major life activities including the operation of her musculoskeletal system, lifting, and reaching.

9. Since at least April 2009, Defendant has engaged in unlawful employment practices at its store in Alabaster, Alabama by failing to reasonably accommodate Grimes in violation of 42 U.S.C. § 12112(b)(5)(A) of the ADA. Specifically,

    a. Grimes was hired by Defendant in 2006 and had successfully performed the duties of her cashier/floor position throughout her tenure with Defendant.

    b. In early to mid April 2009, Grimes was diagnosed with a physical impairment that substantially limits the operation of her musculoskeletal system, and her ability to lift and reach.

    c. Following the diagnosis, Grimes returned to work on or about April 13, 2010, presenting medical documentation to Defendant which included three restrictions: (1) no lifting over 10 pounds; (2) no overhead reaching; and (3) no shoulder height reaching.

    d. Grimes' supervisor agreed to provide Grimes the requested accommodation, and indicated a plan for accommodating her.

e.	Notwithstanding the supervisor's agreement to the accommodation, Defendant sent Grimes to its physician.

f.	After Defendant's physician examined Grimes, Defendant sent Grimes home and would not allow her to return to work.

g.	Defendant had a blanket policy of refusing to allow employees with non-work-related injuries to return to work with restrictions.

h.	Shortly after sending Grimes home, Defendant terminated Grimes, stating that she was a "liability," that if it allowed her to continue working before long its store would be full of people with restrictions from doctors, and it could not risk her suing the store if she injured herself.

i.	Grimes requested as another accommodation that she be allowed to work on Defendant's computers; Defendant refused, saying she was not trainable.

10.	In April 2009, Defendant Employer engaged in unlawful employment practices at its Alabaster, Alabama location by terminating Grimes because of her disability or because Defendant regarded her as disabled, in violation of 42 U.S.C. §12112(a) of the ADA. Specifically,

a.	Plaintiff incorporates by reference the facts contained in paragraphs 9(a)-(i) above.

b.	In terminating Grimes, Defendant wrote "Employee is no longer able to perform her task to the required standard per her doctor's statement dated 4-10-

09."

11. The unlawful employment practices complained of in paragraphs nine (9) through ten (10) above were intentional.

12. The unlawful employment practices complained of in paragraphs nine (9) through ten (10) above were done with malice or with reckless indifference to the federally protected rights of Grimes.

### **PRAYER FOR RELIEF**

WHEREFORE, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant Employer, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it from failing to reasonably accommodate disabilities in the workplace and from discharging employees because they are disabled or because they are regarded as disabled.

B. Order Defendant Employer to institute and carry out policies, practices and programs which provide equal employment opportunities to qualified individuals with disabilities, and which eradicate the effects of its past and present unlawful employment practices, including the requirement that Defendant adopt a training program to train its managers, supervisors and employees on preventing and avoiding disability discrimination in the workplace.

C. Order Defendant Employer to make whole Jenny Grimes by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices.

D. Order Defendant Employer to make whole Jenny Grimes by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described above including, but not limited to, job search expenses, medical expenses, health and retirement benefits, in amounts to be determined at trial.

E. Order Defendant Employer to make whole Jenny Grimes by providing compensation for past and future nonpecuniary losses resulting from the unlawful employment practices described above including, but not limited to, emotional pain and suffering, inconvenience, loss of enjoyment of life, and humiliation, in amounts to be determined at trial.

F. Order Defendant Employer to pay Jenny Grimes punitive damages for its malicious and/or reckless conduct, in an amount to be determined at trial.

G. Order Defendant Employer to provide Jenny Grimes appropriate equitable relief, in the form of reinstatement and/or an appropriate award of front pay.

H.   Grant such further relief as the Court deems necessary and proper in the public interest.

I.   Award the Commission its costs in this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its Complaint.

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
131 M Street, NE
Washington, DC 20507

_____
C. Emanuel Smith (MS 7473)
Regional Attorney
emanuel.smith@eeoc.gov

_____
Julie Bean (DC 433292)
Supervisory Trial Attorney

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
Birmingham District Office
Ridge Park Place, Suite 2000
1130 22nd Street South
Birmingham, Alabama 35205

Tel.: (205) 212-2045
Fac.: (205) 212-2041
julie.bean@eeoc.gov

9